IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-03017-RBJ

GUSTAVSON & ASSOCIATES, LLC,

    Plaintiff,

v.

SKYLAND PETROLEUM PTY LTD f/k/a Skyland Petroleum Limited ACN 072 350 817;
SKYLAND PETROLEUM HOLDINGS LTD a/k/a Skyland Petroleum Group Limited;
SKYLAND PETROLEUM GROUP LIMITED ARBN 613928671;
SKYLAND SERVICES LLC; and
DOMENIC VINCENT MARTINO, an individual,

    Defendants.

# ORDER

This order addresses three motions: (1) Motion to Enforce Local Rule 5(b), ECF No. 37: GRANTED in part and DENIED in part; (2) Motion for Summary Judgment, ECF No. 39: DENIED; and (3) Motion to Withdraw and Waiver of Jury Demand, ECF No. 42: GRANTED.

## I. BACKGROUND

This is essentially a collection case. I described the general background in an order issued on March 30, 2018 in which I denied plaintiff's motion to strike three defendants' notice of removal, and I denied the same three defendants' motion to dismiss. ECF No. 26. I will begin this order by repeating, more or less, the same background.

A. **Parties**.

The plaintiff is Gustavson Associates, LLC. To reduce confusion resulting from the appearance in the chronology of many variations on "Skyland Petroleum" in the pleadings, I will bold and capitalize the five named defendants where their names appear unless it is within a direct quote. They are as follows:

(1) **SKYLAND PETROLEUM PTY LTD** f/k/a Skyland Petroleum Limited ACN 072 350 817.
(2) **SKYLAND PETROLEUM HOLDINGS LTD** a/k/a Skyland Petroleum Group Limited.
(3) **SKYLAND PETROLEUM GROUP LIMITED** ARBN 613 928 671.
(4) **SKYLAND SERVICES LLC**.[1]
(5) **DOMENIC VINCENT MARTINO**.

B. **Facts**.

The following are either facts alleged by the plaintiff (and for present purposes assumed to be true) or facts established by documents in the record of the case.

1. The plaintiff, Gustavson Associates, LLC, is an engineering and consulting company based in Boulder, Colorado.

2. On April 13, 2016 Skyland Petroleum Limited (previously known as MUI Corporation Limited) ("the Company") issued a press release announcing the completion of its acquisition of **SKYLAND PETROLEUM GROUP LIMITED** and its subsidiaries. ECF No. 10-13. The announcement indicated that the Company's board of directors henceforth would be Dr. David Robson, Chairman and Managing Director; Elizabeth Landles, Executive Director;

---

[1] The Clerk of the Court entered an entry of default against Skyland Services LLC on April 26, 2018. ECF No. 31.

and Mark Sarssam, Executive Director. It identified five Non-Executive Directors: Timothy Hargreaves, Piers Johnson, **DOMENIC MARTINO**, Raden Sukhyar, and Ghassan Zok. *Id.*

3. An organization chart, undated but apparently taken from a Skyland document at or after the foregoing announcement, shows "MUI Corporation Limited (to be renamed 'Skyland Petroleum Limited')" at the top of the chain; then **SKYLAND PETROLEUM GROUP LIMITED** (Cayman Islands) immediately under Skyland Petroleum Limited; and then six entities, presumably subsidiaries of **SKYLAND PETROLEUM GROUP LIMITED.** One of those subsidiaries is Skyland Management Consultancies (Dubai, UAE), described in the chart as "Dubai staff." Another is Skyland Services Limited (Tajikistan)**,** described as "Tajik staff." ECF No. 10-14.

4. On June 28, 2016 Gustavson entered into a "Professional Services Agreement" with "Skyland Petroleum," an entity with a business address in Dubai, U.A.E, and a billing address of Skyland Petroleum, P.O. Box 388, St. Peter Port, Guernsey GY1 3FG British Isles. ECF No. 10-1. Under this contract Gustavson agreed to evaluate certain assets being considered for acquisition. The estimated fee for the work was $26,770 with a retainer of $10,000. In its amended complaint Gustavson refers to these assets as the "Fund Energy assets." ECF No. 6 at ¶11. Gustavson refers to this contract as the PSA 1 agreement or the PSA 1 contract.

5. On July 11, 2016 Gustavson entered into a second Professional Services Agreement with Skyland Petroleum for evaluation of assets being considered for acquisition. ECF No. 10-2. Plaintiff alleges that "Skyland had suspended further interest in the Fund Energy assets and requested Gustavson to shift its efforts towards evaluating the Mirninsky licenses in the same general area." ECF No. 6 at ¶13. Gustavson refers to this contract as the PSA 2

agreement or the PSA 2 contract. This contract has a stamp over the signature block which says, "Skyland Petroleum Group," and underneath that in smaller letters the words "Skyland Management Consultants" and the Post Office Box address of the Dubai office on the first page of the contract.

6. Gustavson provided a report to Skyland Petroleum entitled Estimate of Reserves and Resources for the Mirninsky License Area, Located in Siberia. ECF Nos. 10-3 and 10-4 at 1-43. This report had a report date of October 12, 2016 and an effective date of January 1, 2017. Gustavson also provided an Addendum to the report with a report date of October 27, 2016 and an effective date of January 1, 2017. ECF No. 10-4 at 44-76.

7. On October 24, 2016 **SKYLAND PETROLEUM GROUP LIMITED ARBN 613 928 671** issued a press release stating that "it has successfully completed its due diligence on the Mirninsky License," and that "an independent audited SPE-PMRS estimate reserves and contingent resources figures for the Mirninsky License" was completed by Gustavson. This press release was headed by the logo Skyland Petroleum and was captioned "Skyland Petroleum – Acquisition Update on East Siberian Oil and Gas Asset." ECF No. 10-6. In a section entitled "Successful Continuation of Corporate Strategy," it quoted a comment from Dr. David Robson, Chairman and Managing Director, concerning the project. *Id.* at 3. In a section entitled "About Skyland," the press release stated, "Skyland Petroleum Group Limited is an oil and gas exploration and production company listed on the Australian Securities Exchange ('ASX') and primarily focused on projects in Russia, Central Asia and the Caucasus." *Id*.

8. On November 2, 2016 **SKYLAND PETROLEUM GROUP LIMITED** issued another press release, this time providing "the prospective resource figures relating to the

4

exploration potential within the Mirninsky License area located in the Sakha (Yakutia) Republic of the Russian Federation." ECF No. 10-7.

9. Gustavson alleges that the total charges for its services and work product pursuant to the PSA 1 and PSA 2 contracts totaled $174,410.95. ECF No. 6 at ¶16. However, Gustavson negotiated with "Skyland management" and reached an agreement upon a compromised amount of $110,000. *Id.* at ¶17.

10. On November 4, 2016 Gustavson sent an invoice for $110,000 to "Skyland Services Limited" at P.O. Box 144, St. Peter Port, Guernsey GY1 3HX. ECF No. 10-5. This invoice has never been paid.

11. On December 24, 2016 Dr. Robsen, the Chairman and Managing Director of **SKYLAND PETROLEUM GROUP LIMITED**, died.

12. On January 31, 2017 Edwin C. Moritz, President of Gustavson, sent a letter to Skyland Services Limited at P.O. Box 388, St. Peter Port, Guernsey GYI 3FG, requesting payment of the "overdue invoice" dated November 4, 2016. ECF No. 10-12.

13. On February 6, 2017 Mr. Moritz sent an email to Elizabeth Landles of **SKYLAND PETROLEUM GROUP LIMITED**, noting that Gustavson had received no response to the invoice and letter he had sent to the Guernsey office and asking for a response at her earliest convenience. ECF No. 10-11. Ms. Landles forwarded the email to **DOMENIC MARTINO**. On February 7, 2017 Mr. Moritz sent Mr. **MARTINO** a copy of the invoice Gustavson had sent to the Guernsey office. *Id.* Each of these emails indicated that the subject was "Gustavson work for Skyland."

14. On February 24, 2017 **SKYLAND PETROLEUM GROUP LIMITED** issued a press release announcing that on February 21, 2017 the majority of its board of directors agreed to remove Piers Johnson, Elizabeth Landles and Mark Sarssam as directors of the Company. ECF No. 10-15. The new board consisted of Domenic **MARTINO**, Timothy Hargreaves, Ghassan Zok, Raden Sukhyar and Marco Arosti. Domenic **MARTINO** was appointed as Interim CEO and Chairman of the Company.

15. On March 6, 2017 Mr. Moritz again emailed Ms. Landles, attaching another copy of the invoice, noting that it was for work on the Mirninsky licenses that were being evaluated by "Skyland," that the results were published on "Skyland's website," and that the invoice was approved by Mark Sarssam. He copied Mr. **MARTINO** and Mr. Sarssam. *Id*

16. On April 21, 2017 **SKYLAND PETROLEUM GROUP LIMITED** issued a press release entitled "Company Update and Placement" indicating that it is "reviewing its proposed acquisition of the East Siberia Oil and Gas asset following the death of its former Executive Chairman and Managing Director as well as a review of its current operations and financial position." ECF No. 10-10. The press release further stated that its review had noted irregularities, mostly through subsidiaries of Skyland Petroleum Holdings Limited, incorporated under Cayman law, OG-296850, which resulted in proceedings against three former directors of the latter entity: Elizabeth Landles, Mark Sarssam and Denise Lay. It added that **SKYLAND PETROLEUM GROUP LIMITED** and its existing board would "continue to provide disclosure on its restructuring plans and other matters." *Id.*

17. On June 8, 2017 **DOMENIC MARTINO**, a Director of **SKYLAND PETROLEUM GROUP LIMITED**, sent an email to Edwin C. Moritz of Gustavson. ECF No. 10-9. In his letter Mr. **MARTINO** states, among other things,

    a. On December 28, 2016 **SKYLAND PETROLEUM GROUP LIMITED**, "incorporated under Cayman law OG-309802," announced the death of the Group's founder, Managing Director and Executive Chairman, Dr. David Robson.

    b. During January and February 2017 the board and management of **SKYLAND PETROLEUM GROUP LIMITED** was restructured. New management commenced a review of **SKYLAND PETROLEUM GROUP LIMITED**'s operations.

    c. The review noted irregularities which had resulted in proceedings against former executive management.

    d. Most of the irregularities had occurred through the subsidiaries of Skyland Petroleum Holdings Limited.

    e. The directors of **SKYLAND PETROLEUM GROUP LIMITED** have "resolved to cease any financial assistance to Skyland Petroleum Holdings Limited and its subsidiaries."

    f. Gustavson's contract[s] were entered into with Skyland Management Consultancies, a subsidiary of **SKYLAND PETROLEUM HOLDINGS LIMITED** (formerly **SKYLAND PETROLEUM GROUP LIMITED,** incorporated under Cayman law, OG-296850).

    g. Therefore, although **SKYLAND PETROLEUM GROUP LIMITED** values working with your firm, it will not honor the contract[s], and "contact should be made directly

with the directors and management of that entity in respect of settlement of amounts outstanding."

18. Gustavson has submitted several emails between Mr. Moritz and Mr. **MARTINO** between February 2, 2016 and April 11, 2016, generally concerning **SKYLAND PETROLEUM GROUP LIMITED**'s late payment of Gustavson invoices and Mr. **MARTINO'S** efforts to assist Gustavson in obtaining payment. *See* ECF No. 10-8. In one email, dated February 2, 2016, Mr. **MARTINO** personally guaranteed payment of a Gustavson invoice in the amount of $20,000 for work described as an "Independent Geologist Report." *Id.* at 1. None of these emails, however, appears to relate to the work for which the $110,000 payment amount was negotiated, billed, but not paid.

19. Gustavson alleges that **SKYLAND PETROLEUM PTY LTD**, **F/K/A SKYLAND PETROLEUM LIMITED ACN 072 350 817**, **SKYLAND PETROLEUM HOLDINGS LTD.**, Skyland Petroleum Services LLC, and all the Co-Defendants, are controlled by **SKYLAND PETROLEUM GROUP LIMITED** and/or **DOMENIC MARTINO**. ECF No. 6 at ¶29.

20. Gustavson alleges that **SKYLAND PETROLEUM GROUP LIMITED** and **DOMENIC MARTINO** have caused "**SKYLAND PETROLEUM HOLDINGS LTD**., or its affiliates, its Cayman Island subsidiary, to become insolvent and has facilitated the inability of **SKYLAND PETROLEUM HOLDINGS LTD**., to pay its debts including obligations and the Debt of Defendants to the Plaintiff." *Id.* at ¶30.

21. Gustavson alleges that Skyland Petroleum, Skyland Petroleum Group, **SKYLAND PETROLEUM PTY LTD F/K/A SKYLAND PETROLEUM LIMITED ACN**

**072 350 817, SKYLAND SERVICES LLC** and **SKYLAND PETROLEUM HOLDINGS LTD**., are alter egos of **SKYLAND PETROLEUM GROUP LIMITED** and/or **DOMENIC MARTINO**. *Id.* at ¶32.

22. This lawsuit was filed in the District Court for Boulder County, Colorado. The Amended Complaint, now the operative pleading, was filed in that court on August 25, 2017. The Amended Complaint names the five defendants.

23. Mr. **MARTINO** was served in Sydney, Australia on December 14, 2017. ECF No. 13. I do not find returns of service in the file for **SKYLAND PETROLEUM PTY LTD F/K/A SKYLAND PETROLEUM LIMITED ACN 072 350 817** or **SKYLAND PETROLEUM GROUP LIMITED**. Mr. **MARTINO** states that the legal documents addressed **SKYLAND PETROLEUM PTY LTD F/K/A SKYLAND PETROLEUM LIMITED ACN 072 350 817** and **SKYLAND PETROLEUM GROUP LIMITED** were delivered to them by the Sheriff in Sydney, Australia on November 20, 2017. **MARTINO** Affidavit, ECF No. 23-1, at 3. In the Notice of Removal, however, those two corporate defendants stipulate that service on Mr. **MARTINO** accomplished service on them. ECF No. 1 at 3, ¶5. There is a return of service indicating that **SKYLAND SERVICES LLC** was served by service upon its registered agent in Wilmington, Delaware on December 26, 2017. ECF No. 24. Nothing has been filed by or on behalf of **SKYLAND SERVICES LLC** as of the date of this order.

24. Plaintiff asserts 10 claims: (1) breach of contract – invoice; (2) quantum meruit – contract implied in law; (3) quantum meruit – contract implied in fact; (4) intentional interference with contract against **SKYLAND PETROLEUM GROUP LIMITED** and

9

**MARTINO**; (5) deceit based on fraud; (6) negligent misrepresentation or concealment; (7) Colorado Consumer Protection Act (CCPA); (8) civil conspiracy; (9) aiding and abetting; and (10) alter ego – veil piercing.

25. Plaintiff prays for the following relief: (a) compensatory and consequential damages jointly and severally against all defendants; (b) pre-judgment and post-judgment interest; (c) attorney's fees and costs; (d) punitive damages; (e) treble damages on the CCPA claim; and (f) a declaratory judgment piercing the corporate veil.

26. On December 14, 2017 the three defendants that had been served at that time removed the case to this Court, invoking federal jurisdiction on grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF No. 1.

## II. MOTIONS

### A. [Plaintiff's] Motion to Enforce Local Rule 5(b), ECF No. 37.

Plaintiff requests that this Court (1) enforce D.C.Colo.LCivR 5(b) against the corporate defendants; (2) enter default judgement against the corporate defendants; and (3) enter an order compelling defendants' compliance with plaintiff's request for production of documents. ECF No. 37. Plaintiff further requests that this Court impose a 10-day deadline on defendants to obtain counsel and to reply to its outstanding discovery requests. *Id.* at 3. In response, Mr. **Martino**—who proceeds pro se on behalf of himself and as director of defendants **Skyland Petroleum Pty Ltd** and **Skyland Petroleum Group Limited**—asks for a 90-day period to obtain new legal counsel. ECF No. 38 at 1. Mr. **Martino** alleges that plaintiff's 10-day deadline is unreasonable because each defendant is located outside of the United States. *Id.* at 1–2. In

response to the discovery dispute, Mr. Martino simply states that he and the corporate defendants will respond to plaintiff's discovery request once they appoint new counsel.

Local attorney Rule 5(b) provides that, where the client of the withdrawing attorney is a corporation or other legal entity, "absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity." D.C.COLO.LAttyR 5(b). In this case, I granted defendants' motion to withdraw on June 29, 2018. ECF No. 36. In that minute order, I reminded defendants that entities cannot represent themselves in this case, and that they must retain counsel or face the possibility of a judgment by default. *Id.* It has now been five months since I granted defendants' motion to withdraw. As such, I grant plaintiff's request to order corporate defendants to obtain counsel. However, because of the holidays, I will not order them to obtain counsel within 10 days of receipt of this order. Rather, corporate defendants must obtain counsel on or before January 15, 2019. If corporate defendants fail to comply with this order, default judgment and other sanctions will be imposed against the entities.

I also grant plaintiff's request to order both corporate defendants and Mr. Martino to reply to plaintiff's outstanding discovery request found in Exhibit A, ECF No. 37-1. Defendants must comply with this order on or before January 25, 2019. The Court will not delay discovery any longer. Accordingly, plaintiff's motion is GRANTED with the exception of its requested 10-day deadlines.

    **B. [Plaintiff's] Motion for Summary Judgment, ECF No. 39.**

Plaintiff seeks summary judgment on nine of its ten claims for relief. But plaintiff's short motion simply restates this case's facts and procedural history. At no point does plaintiff argue

that it satisfies the summary judgment standard found in Fed. R. Civ. P. 56(a). In response, defendants assert that Mr. Moritz's affidavit "contains many factual inaccuracies, mis-representations and groundless implications which we intend to refute formally in a fair trial . . . ." ECF No. 41 at 1.

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the nonmoving party. *Concrete Works of Colorado, Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

Plaintiff has not satisfied its burden here. I cannot determine from plaintiff's brief whether there are genuine and material fact disputes, nor did the brief provide defendants with adequate notice of the specific facts or claims on which it should focus its argument. I note that defendants' response, where it states that defendants will refute the factual inaccuracies of Mr. Moritz's affidavit formally at trial, would typically not suffice to defend against a summary judgment motion. However, here, plaintiff's motion is so lacking in substance that I could not grant summary judgment in its favor even if defendants never filed a response. Further, defendants' response does dispute one fact: the meaning of the August 29 communication with Mr. Moritz. ECF No. 41 at 1. Accordingly, plaintiff's summary judgment motion is DENIED.

### C. Plaintiff's Notice of Withdraw and Waiver of Jury Demand, ECF No. 42.

Plaintiff asks the Court to vacate its demand for jury trial. Instead, plaintiff wishes to try its case to the Court. It has now been over 45 days since plaintiff filed this motion, and defendants have yet to respond. Because defendants have not responded in the allotted time, and because defendants never made an independent demand for a jury trial, plaintiff's request is GRANTED.

### ORDER

(1) Plaintiff's Motion to Enforce Local Rule 5(b), ECF No. 37, is GRANTED in part and DENIED in part.

(2) Plaintiff's Motion for Summary Judgment, ECF No. 39, is DENIED.

(3) Plaintiff's Notice of Withdraw and Waiver of Jury Demand, ECF No. 42, is GRANTED. This case will be tried to the Court.

DATED this 19th day of December, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge